# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL CAMPBELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 06-382-RAW-KEW ) |
| GREG PROVINCE, Warden, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, is challenging the execution of his sentence in Oklahoma County District Court Case No. 1996-1718. He alleges the Oklahoma Pardon and Parole Board has the power to recommend--but not to deny--parole or commutation, and the Department of Corrections has a statutory duty, pursuant to Okla. Stat. tit. 22, § 1514, to recommend him for commutation. He also claims his sentence gives him the right to seek parole or commutation from the Governor, instead of the Pardon and Parole Board. He further asserts his sentence should be recalculated under the 1997 Truth in Sentencing Act, which would move his discharge to an earlier date.

The record shows that on September 15, 2005, petitioner sought a writ of mandamus from the Oklahoma Court of Criminal Appeals (OCCA), alleging the Oklahoma County District Court had refused to properly file his request for a writ of mandamus, and the state district court had ordered him to resubmit his application on an improper form. *Campbell v. Dist. Ct. of Okla. County*, No. MA-2005-892, slip op. at 1 (Okla. Crim. App. Oct. 4, 2005).

The OCCA declined jurisdiction on October 4, 2005, because petitioner had failed to serve notice on the adverse party, as required by Rule 10.3 of the *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2005). *Id.*, slip op. at 1-2.

Petitioner next sought post-conviction relief in the Oklahoma County District Court. The state district court denied the post-conviction application because petitioner was not challenging the legality of his conviction or sentence, so his claims did not fall under the Post Conviction Procedure Act, Okla. Stat. tit. 22, § 1080. *Campbell v. State*, No. CF-96-1718 (Okla. County Dist. Ct. Feb. 16, 2006). On March 21, 2006, petitioner filed a petition in error in the OCCA, which dismissed the appeal as untimely. *Campbell v. State*, No. PC-2006-0303, slip op. at 1 (Okla. Crim. App. Apr. 28, 2006) (citing Rule 5.2(C) of the *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2006)). Petitioner was advised that he could file an application for a post-conviction appeal out of time in the state district court. *Id.*, slip. op. at 2.

Petitioner took the OCCA's advice and filed an application a post-conviction appeal out of time. The application was denied, because petitioner failed to show he was denied an appeal through no fault of his own. *Campbell v. State*, No. CF-1996-1718, slip op. at 2 (Okla. County Dist. Ct. July 18, 2006). He then appealed to the OCCA which affirmed the denial of post-conviction relief, because he had failed to refute the state district court's finding. *Campbell v. State*, No. PC-2006-837, slip op. at 1 (Sept. 8, 2006).

The respondent alleges petitioner's claims in this federal habeas corpus proceeding are procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate

2

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A procedural bar is an independent state ground if it is the "exclusive basis for the state court's holding." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). A state's procedural default rule is "adequate," if it is firmly established, regularly followed, and evenhandedly applied. *Messer v. Roberts*, 74 F.3d 1009, 1015 (10th Cir. 1996). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753.

The OCCA dismissed petitioner's post-conviction appeal, because he had failed to comply with its Rule 5.2(C) by filing a petition in error and brief with a certified copy of the district court's order within thirty (30) days of entry of the district court's final order. *Campbell*, No. PC-2006-0303, slip op. at 1. In *Johnson v. Champion*, 288 F.3d 1215 (10th Cir. 2002), the Tenth Circuit Court of Appeals held that the OCCA's Rule 5.2(C) is an adequate and independent state procedural ground. Because the state district court found that a post-conviction application was not the proper means for presenting petitioner's claims, however, the post-conviction procedural default is not relevant to this federal habeas corpus case.

The dismissal of petitioner's mandamus action in the OCCA was based on the OCCA's Rule 10.3. The court finds this procedural requirement is an independent and adequate state ground that bars federal habeas review. *See Coleman*, 501 U.S. at 750. *See also Duvall*, 139 F.3d at 797 (holding that even when a rule is not "'firmly established' in a technical sense under Oklahoma case law," because of a dearth of relevant published cases,

3

it is, nevertheless, adequate because the rule "clearly require[d] compliance with such procedures.").

After careful review, the court finds petitioner has made no attempt to show cause for his default with regard to his OCCA mandamus action. Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice, because he has made no colorable argument that he is innocent of the crimes of which he was convicted.

It is unclear to the court, however, whether petitioner actually has exhausted his state court remedies with respect to his claims. According to his OCCA mandamus action, the Oklahoma County District Court refused to file his petition for a writ of mandamus in that court and ordered him to resubmit his application on a particular form. *Campbell*, No. MA-2005-892, slip op. at 1. The record does not reveal whether petitioner ever accomplished a state district court filing, so that avenue still may be open. Therefore, the court also will address his claims on the merits.

In 1997 petitioner was sentenced to five concurrent 45-year sentences for crimes against a six-year-old child. He, nonetheless, claims the Pardon and Parole Board has a duty to recommend him for parole or commutation, and that the Board lacks the power to deny parole. His parole consideration date has changed as various Parole Board audits have re-categorized petitioner, based on his former convictions and based on his victim's age. According to an audit conducted on January 25, 2005, he is eligible for parole consideration in October 2009.

Petitioner's claims are not specific and lack factual support, and the court finds his assertion that he is entitled to immediate release is meritless. Although convicted persons can have a constitutionally protected liberty interest in parole, *see Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979), when parole is discretionary, no such protected interest exists. That is precisely the case with respect to parole under Oklahoma's statutory scheme. *See Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999); *see also Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir.1979). *See also Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981) (inmates had no liberty interest in commutation because board had discretion in granting commutation). In addition, the broadly worded explanation of the "mission statement" in Okla. Stat. tit. 22, § 1514, does not override the judiciary's sentencing power or the Governor's power to grant parole or commute a sentence.

Petitioner also makes unsupported claims that his sentence should be adjusted according to the Truth in Sentencing Act. In 1997, Oklahoma attempted to revamp its criminal statutes through the Truth in Sentencing Act (HB-1213). The Act created Sentencing Matrices describing the punishment for every criminal violation, but it was substantially repealed before it became effective. *Anderson v. State,* 130 P.3d 273, 281 n. 19 (Okla. Crim. App. 2006). Initial docket dates for parole consideration are calculated pursuant to Okla. Stat. tit. 57, § 332.7. While § 332.7(F) contemplates that an inmate's sentence may be recalculated by using the applicable matrix of the Oklahoma Truth in Sentencing Act, it is clear that the sole purpose of any recalculation is to determine the date upon which the inmate becomes eligible for parole consideration. Here, petitioner has failed to show his sentence is not being properly calculated in accordance with the applicable statutes. Furthermore, the Truth in Sentencing legislation did not create a right to

5

commutation consideration by the Governor. The Sentencing Matrices are used only to calculate initial parole eligibility. *Nestall v. State*, 954 P.2d 143, 145 (Okla. Crim. App. 1998).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 10th day of January 2008.

*[Signature]*

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**